**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ALEXANDRA BROWN,**

    **Plaintiff,**

**vs.**              **Civ. No. 14-215 JCH/SCY**

**FEDEX EXPRESS CORP.**

    **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on *Defendant's Motion to Dismiss Plaintiff's Complaint ...* [Doc. 10-1].  In its motion, Defendant Federal Express Corporation first argues that Plaintiff Alexandra Brown's Complaint fails to state the law she is suing under, requiring a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant next argues that assuming Plaintiff is attempting to sue under Title VII of the Civil Rights Act of 1964 ("Title VII") and/or the New Mexico Human Rights Act ("NMHRA"), Plaintiff fails to allege that she has exhausted the administrative remedies required to sue under those laws, requiring a dismissal under Rule 12(b)(6) or alternatively 12(b)(1).

In response to Defendant's first argument, Plaintiff denies that explicitly identifying the statute that provides the cause of action is a pleading requirement.  In response to Defendant's second argument, Plaintiff notes that considering Plaintiff did in fact exhaust her administrative remedies, a mere failure to allege exhaustion is an immaterial technical defect.  Plaintiff also generally argues that because she was *pro se* at the time, the Complaint should be held to a relaxed standard in terms of technical pleading requirements.

The Court has considered the motion, response, reply, attached evidence, and applicable legal authorities, and concludes that the motion to dismiss will be granted, but Plaintiff will be allowed to amend her Complaint to address its defects.

## BACKGROUND

Plaintiff filed her Complaint *pro se* on January 22, 2014, in New Mexico state court [Doc. 1-1]. On March 6, 2014, Defendant removed the action to federal court [Doc. 1] and then on March 13 filed its motion to dismiss [Doc. 10-1]. Plaintiff obtained counsel [Doc. 15] before the filing of her response and Defendant's reply.

Plaintiff is a former employee of Defendant Federal Express Corporation. Plaintiff's Complaint alleges that in October of 2011 she was raped by a co-worker named J. Archibeque and several of his friends, and that subsequently until her resignation in January 2014 co-workers and managers at Federal Express engaged in or tolerated sexual harassment and discrimination against her at the workplace. Doc. 1-1 at 6-8. This includes co-workers joking about the rape and leaving sexually degrading notes on her car and outside her home, as well as managers failing to take any action or investigate the matter. *Id.* at 7. In November 2012, Plaintiff confronted J. Archibeque about the rape and subsequent harassment and told him to leave her alone; after this, Defendant no longer scheduled her for overtime, and her supervisor continued to place her in assignments working directly with J. Archibeque. *Id.* Plaintiff believes these acts were in retaliation to her speaking up. *Id.* Plaintiff eventually filed a restraining order against J. Archibeque and obtained a permanent order of protection, but Defendant still allowed him to come to work. *Id.* at 7-8. The only solution offered to Plaintiff was to move to another shift with a lower earning potential. *Id.* at 7. Plaintiff also alleges other individual events of harassment or retaliation of a similar nature. *Id.* at 6-8.

2

The Complaint does not identify the law Plaintiff is suing under, merely calling the suit an "action for sexual harassment." *Id.* at 6. The Complaint also fails to state that Plaintiff first attempted to resolve the matter through the EEOC and received a "right to sue" letter before filing suit, although Plaintiff's response to the motion to dismiss provides evidence that she did so. *See* Doc. 18-1. On this matter, the Complaint only contains passing references to "the EEOC report" and "my complaint to the EEOC." Doc. 1-1 at 6-7.

## LEGAL STANDARDS

### I.     Motion to dismiss under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule requires more than a blanket assertion of entitlement to relief. There must be enough factual allegations in the complaint to provide not only "fair notice" of the nature of the claim, but also "grounds" upon which the claim rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). Rule 12(b)(6) provides that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading.

In considering a Rule 12(b)(6) motion, a court must assume all well-pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable inferences in favor of a plaintiff. *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts that [he] has not alleged or that defendants have violated the . . . laws in ways that [he has not] alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). These rules also do not require a court to "fashion [litigant's] arguments for him where his allegations

are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

A complaint must contain enough factual allegations "'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The plaintiff has the burden to frame a "'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must do more than generally allege a broad array of conduct and must allege sufficient facts to "'nudge[ ] their claims across the line from conceivable to plausible.'" *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570). "Plausible" in this context refers to the scope of the allegations in the complaint: "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins*, 519 F.3d at 1247. The requirement of plausibility serves two purposes: (1) to weed out claims that, without additional contentions, do not have a reasonable likelihood of success, and (2) to advise the defendants of the actual grounds upon which the claim against them is based. *See Robbins*, 519 F.3d at 1248. A court, therefore, must review a complaint with these purposes in mind.

## II.     Motion to dismiss for failure to exhaust administrative remedies

Under both Title VII and the NMHRA, claims must be administratively exhausted before being brought in federal court. *See Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) (Title VII); *Mitchell-Carr v. McLendon*, 127 N.M. 282, 288, 980 P.2d 65, 71 (1999) (NMHRA). Title VII creates a work-sharing deferral system between the EEOC and the states that have their own employment discrimination legislation. *See* 42 U.S.C. § 2000e-5(c), (d). The NMHRA places New Mexico among those states that have their own employment discrimination legislation and

contact agencies.   29 C.F.R. § 1601.74 (2005).   In New Mexico, a complainant can, upon meeting filing requirements, proceed with his or her grievance either through the EEOC or through the New Mexico Human Rights Division ("NMHRD").  *See Mitchell-Carr*, 127 N.M. at 286-287, 980 P.2d at 69-70.   To exhaust administrative remedies, an individual claimant must: (i) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge; and (ii) receive notice of the right to sue.  *See* 42 U.S.C. § 2000e-5(b), (c), (e), (f)(1); *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir. 1999).

In the 10th Circuit, failure to exhaust administrative remedies before filing a Title VII action is considered a jurisdictional defect.  *Shikles v. Sprint/United Mgt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).   Thus, if it is found that the plaintiff has failed to adequately exhaust administrative remedies, a Title VII claim should be dismissed under Rule 12(b)(1).

## III.   Relaxed pleading standards for *pro se* litigants

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A *pro se* litigant's complaint is still required to allege sufficient facts to state a claim, and mere conclusory allegations are still insufficient.  *Id*.  However, "the [*pro se*] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."  *Id*.  If sufficient facts are indeed alleged, the court should allow the claim despite any "confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements."  *Id*. The rationale behind this standard is that even *pro se* litigants should be fully familiar with the

facts of their situation; only compliance with legal and procedural requirements requires the special training which the *pro se* litigant lacks.  *Id.*

## DISCUSSION

### I.      Failure to identify the statute that provides the cause of action

Defendant first argues that Plaintiff's Complaint should be dismissed under Rule 12(b)(6) because it fails to identify the statute that provides the cause of action.   This argument is unpersuasive.  As the Supreme Court has stated, "under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory.  Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument."  *Skinner v. Switzer*, 562 U.S. ---, 131 S. Ct. 1289, 1296 (2011).  It is of course necessary to know what legal theory to apply, so it can be determined whether the alleged facts can plausibly state a claim under that theory.  *See Robbins*, 519 F.3d at 1248 ("'Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case...'" (quoting *Phillips v. Co. of Allegheny*, 515 F.3d 224, 231–232 (3d Cir.2008))).  However, this determination can usually be made while drawing all reasonable inferences in favor of the plaintiff, as the Court is required to do in ruling on a Rule 12(b)(6) motion.  Here, for example, it can be readily inferred that Plaintiff's attempt to sue for "sexual harassment" falls under the various state and federal statutes that allow such a claim.  Indeed, as set forth in its motion to dismiss, Defendant itself was easily able to conclude that Plaintiff was attempting to sue under Title VII and the NMHRA.

Furthermore, it should not be required of a *pro se* litigant to state the specific law being invoked, as *pro se* mistakes involving "legal theories" are precisely the kind that should be

construed liberally.  *Hall*, 935 F.2d at 1110.  Here, Plaintiff's well-pleaded factual allegations make it clear what she was attempting to sue for, and nothing more is required.

The two cases Defendant cites in support of its argument, in addition to being non-binding precedent, do not substantively require a different conclusion.  In both, the plaintiff attempted to sue under a legal theory which required identification of a specific law or statute as one of its elements.  *See Quest Commc'n Co., LLC v. Free Conf. Corp.*, 2013 U.S. Dist. LEXIS 182430, **44-45 (D. Minn. November 20, 2013) (unfair competition claim is "not a stand-alone tort" but requires identification of an underlying tort); *Dauth v. Convenience Retailers, LLC*, 2013 U.S. Dist. LEXIS 136941, **4-5 (N.D. Ca. September 24, 2013) (suit under whistleblower protection statute requires plaintiff employee to allege refusal to violate a specific federal or state statute, rule, or regulation which then led to adverse employment actions).  In both of these cases, identification of a law was an element of the actual claim; in other words, it was a required factual allegation.  In contrast, neither Title VII nor the NMHRA requires a claimant to identify a law as an element of the claim.

Therefore, Defendant's motion to dismiss does not succeed on this point.

## II.    Failure to allege exhaustion of administrative remedies

Defendant next argues that Plaintiff's Complaint should be dismissed for failing to allege that she exhausted administrative remedies, as required by both Title VII and the NMHRA, before filing suit.  This argument is persuasive and as a result the Complaint is insufficient to survive the motion to dismiss.  However, the defect is merely technical and can be addressed by allowing Plaintiff to amend her Complaint.

The parties agree that a plaintiff must exhaust her administrative remedies before she may sue under either Title VII or the NMHRA.  *See Jones*, 91 F.3d at 1399 (Title VII); *Mitchell-*

*Carr*, 127 N.M. at 288, 980 P.2d at 71 (NMHRA).  Plaintiff's response to the motion to dismiss suggests that plaintiff did in fact exhaust and received a "right to sue" letter from the EEOC before filing suit.  However, this was never alleged in the Complaint.  Plaintiff argues in her response that because she did in fact exhaust her administrative remedies, and simply neglected to state as much in the Complaint, the defect is merely technical and should be ignored.  Technical as it may be, it is an essential aspect of the pleading requirements that sufficient facts be alleged to plausibly satisfy all elements of the claim.  *See Associated Gen. Contractors of Cal., Inc.*, 459 U.S. at 526 (court cannot assume a plaintiff can "prove facts that [he] has not alleged").  A complaint lacking sufficient factual allegations will fail to serve its purpose of advising defendants of the actual grounds upon which the claim against them is based.  *See Robbins*, 519 F.3d at 1248.  Indeed, Defendant's counsel would apparently have been unaware of Plaintiff's EEOC proceedings had they not filed a motion to dismiss and subsequently learned of them through Plaintiff's response.  Doc. 19 at 3.

This is therefore a situation in which the *pro se* litigant's "factual allegations are close to stating a claim but are missing some important element that may not have occurred to him" and thus "should be allowed to amend his complaint."  *Hall*, 935 F.2d at 1110.  Accordingly, the Court will grant Defendant's motion.  However, the Court will further grant Plaintiff leave to amend her Complaint as described above.

**IT IS THEREFORE ORDERED** that *Defendant's Motion to Dismiss Plaintiff's Complaint . . .* is **GRANTED**. **HOWEVER**, Plaintiff is granted **LEAVE TO FILE AN AMENDED COMPLAINT** within 15 days of entry of this Memorandum Opinion and Order.

_____

**UNITED STATES DISTRICT JUDGE**